IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STEVE KAUFMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 7:06CV5017 |
| vs. | ) | |
| | ) | ORDER |
| THE WESTERN SUGAR COOPERATIVE, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

    This matter is before the court on plaintiff's motion [42] for leave to file a Second Amended Complaint. The defendant objects to the proposed amendment. For the reasons discussed below, the court finds that plaintiff's motion should be denied.

    The plaintiff asserts claims for violations of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101 *et seq.* and the Nebraska Fair Employment Practices Act (NFEPA), Neb. Rev. Stat. § 48-1101 et seq. The events giving rise to plaintiff's pending causes of action occurred during and prior to 2004. Plaintiff now wishes to add claims for retaliation based on events which occurred in May 2007. The plaintiff has not exhausted his administrative remedies as to the events of May 2007 and contends he should be excused from doing so. Defendant takes the position that the plaintiff must be required to exhaust his administrative remedies.

    I believe this issue is governed by the principles summarized in *Duncan v. Delta Consol. Indus., Inc.*, 371 F.3d 1020 (8th Cir. 2004), an action brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e, *et seq.*[1]

> "In Title VII, Congress set up an elaborate administrative procedure, implemented through the EEOC, that is designed to assist in the investigation of claims of ... discrimination in the workplace and to work towards the resolution of these claims through conciliation rather than litigation." *Patterson v. McLean Credit Union*, 491 U.S. 164, 180-81 (1989) (citing 42

---

[1] The Equal Employment Opportunity Commission (EEOC) is responsible for enforcement of Title I of the ADA. The procedures of 42 U.S.C.A. § 2000e-5 (Title VII) are applicable to a proceeding under Title I of the ADA. 42 U.S.C. § 12117; *McSherry v. Trans World Airlines, Inc.*, 81 F.3d 739, 740 n.3 (8th Cir. 1996).

U.S.C. § 2000e-5(b)). Title VII requires claimants to timely file a discrimination charge with the EEOC before he or she may bring a Title VII action in court. 42 U.S.C. § 2000e-5(e)(1). It is generally recognized that "'[e]xhaustion of administrative remedies is central to Title VII's statutory scheme because it provides the EEOC the first opportunity to investigate discriminatory practices and enables it to perform its roles of obtaining voluntary compliance and promoting conciliatory efforts.'" *Shannon v. Ford Motor Co.*, 72 F.3d 678, 684 (8th Cir. 1996) (quoting *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994))[.] ....

> We do not require that subsequently-filed lawsuits mirror the administrative charges. *See Nichols v. Am. Nat'l Ins. Co.*, 154 F.3d 875, 886 (8th Cir. 1998) ("A Title VII plaintiff must file a charge of discrimination with the EEOC before bringing a civil suit, but the scope of the subsequent action is not necessarily limited to the specific allegations in the charge."). However, "the sweep of any subsequent judicial complaint may be [only] as broad as the scope of the EEOC 'investigation which could reasonably be expected to grow out of the charge of discrimination.'" *Cobb v. Stringer*, 850 F.2d 356, 359 (8th Cir. 1988) (quoting *Griffin v. Carlin*, 755 F.2d 1516, 1522 (11th Cir. 1985)). "Allegations outside the scope of the EEOC charge ... circumscribe the EEOC's investigatory and conciliatory role, and for that reason are not allowed." *Kells v. Sinclair Buick-GMC Truck, Inc.*, 210 F.3d 827, 836 (8th Cir. 2000) [.] ....

371 F.3d at 1024-25 (parallel citations omitted).

Significantly, the court in *Duncan* observed, "It is well-settled that charges of sexual harassment generally are not like or reasonably related to retaliation charges for complaining about antecedent harassment." 371 F.3d at 1025 (citing *Wallin v. Minn. Dep't of Corrs.*, 153 F.3d 681, 688 (8th Cir. 1998) ("[I]t is well established that retaliation claims are not reasonably related to underlying discrimination claims.")).

Considering the principles set out in *Duncan*, and keeping in mind that the proposed amendments concern events which occurred approximately three years after the incidents actually presented to and considered by the EEOC, I find that exhaustion of administrative remedies is required in this instance.

**IT IS ORDERED** that plaintiff's motion [42] for leave to file a Second Amended Complaint is denied.

Pursuant to NECivR 72.2, a party may appeal this order by filing a "Statement of Appeal of Magistrate Judge's Order" within ten (10) days after being served with the order. The party shall specifically state the order or portion thereof appealed from and the basis of the appeal. The appealing party shall file contemporaneously with the statement of appeal a brief setting forth the party's arguments that the magistrate judge's order is clearly erroneous or contrary to law. The filing of a statement of appeal does not automatically stay the magistrate judge's order pending appeal. *See* NECivR 72.2(d).

**DATED July 19, 2007.**

          **BY THE COURT:**

          **s/ F.A. Gossett**
          **United States Magistrate Judge**